**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SUN MEDIA SYSTEMS, INC.,**
An Arkansas Corporation                                                             **PLAINTIFF**


V.                                            4:08CV00268 JMM


**NEW YORK TELEVISION, INC., et al**                                              **DEFENDANTS**

### ORDER DENYING MOTION TO INTERVENE

Pending is the Motion to Intervene of On Press Printing, Inc., d/b/a Connect Media, Inc. ("Movant"). Plaintiff opposes the motion. For the reasons stated below, the Motion is DENIED.

The Movant has a judgment against the Plaintiff from the State of Florida and seeks to intervene in order to protect its interest in any money the Plaintiff may receive from the Defendants in this action. The Eighth Circuit Court of Appeals has held that a party must have Article III standing in order to intervene as a matter of right. *Curry v. Regents of the Univ*., 167 F.3d 420, 422 (8th Cir. 1999)("Article III standing is a prerequisite for intervention in a federal lawsuit." ). The test for standing requires that the litigant have suffered an injury in fact, be able to establish a causal relationship between the contested conduct and the alleged injury, and show that the injury would be redressed by a favorable decision. The Movant has not demonstrated a causal relationship between the alleged breach of contract or fraud claims of the parties and the Movant's injury. Thus, the Court finds that the Movant does not have standing to intervene in this action.

Rule 24(a) of the Federal Rules of Civil Procedure states:

On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"In short, the Rule provides that a party seeking mandatory intervention must establish that: (1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel Barnett v. U.S. Dept. of Interior,* 317 F.3d 783, 785 (8th Cir. 2003)(quoting *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). "Rule 24(a) is construed liberally, with all doubts being resolved in favor of intervention, but a party must still satisfy all three conditions in order to intervene." *Animal Protection Inst. v. Merriam,* 242 F.R.D. 524, 527 (D.Minn. 2006)(citing *Chiglo*, 104 F.3d at 187 and *South Dakota ex rel. Barnett*, 317 F.3d at 785)

Even if the Court were to find standing to intervene, the Movant's interest in this proceeding is purely economic. "An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC,* 485 F.3d 1006, 1008 (8th Cir. 2007)(citing *Curry*, 167 F.3d at 422-23 ("an economic interest . . . simply does not rise to the level of a legally protectable interest necessary for mandatory intervention.)); *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570, 573 (8th Cir.1998)(stating that the would-be intervenors' economic interests in the existing action were too speculative to be deemed "direct, substantial, and legally protectable" interests); *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) (stating that an economic stake in the outcome of an action is not sufficient to demonstrate a "significantly protectable interest")).

Further, the Court finds that the Movant should not be allowed to intervene pursuant to Rule 24 (b), permissive intervention, because the Movant does not have a claim that shares issues of law and fact in common with the main action.

Accordingly, the Motion to Intervene ( Docket # 12) and the Motion to Participate in Pretrial Conference (Docket # 19) are DENIED.  Defendants' Motion to Dismiss (Docket # 4) is MOOT.

IT IS SO ORDERED this 9th day of June 2008.

James M. Moody
United States District Judge